UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

---

W CHAPPELL MUSIC CORP. d/b/a WC )
MUSIC CORP., CORNBREAD NATION, )
and FHW MUSIC, )
)
  Plaintiffs, )
)
 v. ) Civil Action No. _____
)
FABLE LOUNGE, LLC, JOHN DIBBLE, )
BENJAMIN POWELL, CHRISTOPHER )
BULLINGER, and NICHOLAS BULLINGER, )
)
  Defendants. )

---

## COMPLAINT

    Plaintiffs, by their undersigned attorneys, allege:

    1.    This is a suit for copyright infringement under Title 17 of the United States Code.

    2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

    3.    Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2[*] are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, defendant Fable Lounge LLC ("FLL"), is a limited liability company organized under the laws of Tennessee, with a principal place of business located at 114 N. 28th Avenue, Nashville, Tennessee 37203.

6. At all times hereinafter mentioned, FLL did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Fable Lounge, located at 114 N. 28th Avenue, Nashville, Tennessee 37203.

7. Musical compositions were and are publicly performed at Fable Lounge.

8. On information and belief, defendant John Dibble ("Dibble") is an individual who resides or does business in this District.

9. On information and belief, defendant Benjamin Powell ("Powell") is an individual who resides or does business in this District.

10. On information and belief, defendant Christopher Bullinger ("C. Bullinger") is an individual who resides or does business in this District.

11. On information and belief, defendant Nicholas Bullinger ("N. Bullinger" and, together with FLL, Dibble, Powell, and C. Bullinger, the "Defendants") is an individual who resides or does business in this District.

12. On information and belief, Dibble, Powell, C. Bullinger, and N. Bullinger, are members, officers and/or owners of FLL.

13. At all times hereinafter mentioned, Dibble, Powell, C. Bullinger, and N. Bullinger were, and still are, responsible for the control, management, operation, and maintenance of the affairs of FLL.

---

[*] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

14. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Fable Lounge, including the right and ability to supervise and control the public performance of musical compositions at the establishment.

15. Each Defendants derives a direct financial benefit from the public performance of musical compositions at Fable Lounge.

### FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

16. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 875,000 songwriter, composer, and music publisher members.

17. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

18. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights. Defendants' knowledge and intent are established by the following facts:

(a) Defendants entered into a license agreement for Fable Lounge with ASCAP, effective November 1, 2016.

(b) Defendants, however, failed to pay license fees as required by the license agreement.

(c) Because of Defendants' failure to pay license fees due, on December 31, 2021, upon written notice, ASCAP terminated the agreement for default.

19. Since termination of the Fable Lounge ASCAP license, ASCAP has attempted to contact the Defendants, or its representatives, agents, or employees, to offer to relicense Fable Lounge, upon payment of the outstanding fees owed to ASCAP.

20. Defendants have refused all of ASCAP's offers to relicense Fable Lounge.

21. ASCAP's various communications offering to relicense Fable Lounge gave Defendants notice that unauthorized performances of ASCAP's members' musical compositions at the establishment constitute copyright infringement.

22. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Fable Lounge, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

23. The composition named in cause of action 3 was registered as an unpublished composition on the date stated in Column 5.

24. The compositions named in causes of action 1 and 2 were published on the date stated in Column 5, and, since their respective dates of publication, have been printed and published in strict conformity with Title 17 of the United States Code.

25. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

26. The composition named in cause of action 1 is now in the renewal term of copyright, secured by due filing of an application for renewal of copyright in the office of the Register of Copyrights. The Register of Copyrights thereupon issued Certificates of Registration of the respective claims to the renewal of copyright in the names of the claimants listed in Column 7. The date and identification number of such certificate is set forth in Column 8.

27. Defendants on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly compositions at Fable Lounge, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

28. The public performances at Fable Lounge of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

29. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

30. The many unauthorized performances at Fable Lounge include the performances of the three copyrighted musical compositions upon which this action is based.

31. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

32. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court

restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at Fable Lounge, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV. For such other and further relief as may be just and equitable.

Respectfully submitted,

*s. Blakeley D. Matthews*
Blakeley D. Matthews, Esq. (BPR# 12168)
Mary E. Stoner, Esq. (BPR# 36950)
CORNELIUS & COLLINS, LLP
211 Athens Way, Suite 200
Nashville, Tennessee 37228
(615) 244-1440

*Attorneys for Plaintiffs*